IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel., | ) | |
| DIANA SALVATORE AND | ) | |
| DIANA M. SALVATORE, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.11-1157 |
| | ) | United States Magistrate Judge |
| MICHAEL FLEMING, TAYLOR | ) | Cynthia Reed Eddy |
| MANAGEMENT, INC., and | ) | |
| DIXIE REALTY, INC. d/b/a/ | ) | |
| BUY-SELL REAL ESTATE, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Dixie Realty, Inc., d/b/a/ BUY-Sell's ("Dixie Realty") Motion to Set Aside Entry of Default, as well as Defendant Michael Fleming's Motion to Set Aside the Default entered Against Defendant Dixie Realty. EFC Nos. 45 and 51. For the reasons explained below, both Motions are **GRANTED**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This action was filed under seal pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4)(B) on September 15, 2011. ECF No. 2. Plaintiff alleges that Defendants, through joint action, falsely claimed and obtained rent subsidies from the United States Department of Housing and Urban Developing while participating in the Section 8 Tenant-Based Housing Choice Voucher Program.

The Complaint was unsealed on May 20, 2014, upon notice by the United States of America that it had declined to intervene in this action. ECF No. 23. Plaintiff filed notice of the

1

Summons and Proof of Service on Dixie Realty and Michael Fleming on July 14, 2014. ECF No.26. The Proof of Service as to Dixie Realty represents that the summons and complaint were served on "John Petrick (Office Manager)" on behalf of Dixie Realty. ECF No. 26-1. On August 21, 2014, Defendant Fleming filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7) and 12(d). ECF No. 30. In response, Plaintiff Diana M. Salvatore filed the First Amended Complaint on September 11, 2014. ECF No. 33.[1] No responsive pleading was filed by Dixie Realty to either complaint.

On October 21, 2014, Plaintiff filed a Request to Enter Default against Defendant Dixie Realty pursuant to Federal Rule of Procedure 55(a). ECF No. 40. Default was entered by the Clerk of Court on October 22, 2014. ECF No. 41. On October 24, 2014, counsel for Dixie Realty entered their Notices of Appearance. ECF Nos. 43 and 44. Dixie Realty's Motion to set Aside Default was filed on October 31, 2014. ECF 45. On November 17, 2014, Plaintiff responded to Dixie Realty's Motion to Set Aside Default. ECF Nos. 49 and 50. Defendant Fleming's Motion to Set Aside Default against Defendant Dixie Realty was also filed on November 17, 2014. ECF No. 51. On November 24, 2014, Dixie Realty replied to Plaintiff's Opposition to its Motion to Set Aside Entry of Default. ECF No. 54. On December 9, 2014, Plaintiff responded to Fleming's motion. ECF Nos. 55 and 56. Accordingly, the matter has been fully briefed and is ripe for disposition.

**Standard of Review**

The entry of default, the granting of default, and the setting aside of default are provided for in Federal Rule of Civil Procedure 55. This rule states in relevant part:

---

[1] The First Amended Complaint also names Taylor Management, Inc. as a defendant. The docket reflects that Taylor Management Inc. was swerved. ECF No. 36. To date, no responsive pleading has been filed by this defendant, which the Court will address by separate order.

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiffs request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing....

(2) By the Court. In all other cases, the party must apply to the court for a default judgment.... If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing....

(c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

Fed.R.Civ.P. 55. "In general, the entry of default and default judgment are disfavored because they prevent a plaintiff's claims from being decided on the merits." Thompson v. Mattleman, Greenberg, Shmerelson, Weinroth & Miller, 1995 WL 321898, at *3 (E.D.Pa. May 26, 1995) (*citing* Medunic v. Lederer, 533 F.2d 891, 893-94 (3d Cir.1976)); *accord* United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.1984) (requiring courts to avoid default judgment in doubtful cases).

## Analysis

A court may set aside an entry of default for good cause shown. Fed. R. Civ.P.55(c). The decision to grant a motion to set aside default is left to the discretion of the Court. *See*, *e.g.*, Damboch v. United States, 211 Fed. Appx. 105, 109 (3d Cir. 2006); Scholz Design, Inc. v. Costa, 2011 WL 635277, at *3 (W.D. Pa. 2011). Keeping in mind the preference in the Third Circuit to allow cases to be heard on their merits, the Court must consider Defendants' motions under Rule 55(c).

This is a two-step process. First, the Court must decide whether service of process was sufficient to confer jurisdiction upon the court. See Smith v. Rebstock, 477 Fed.Appx. 884, 885(3d Cir. 2012); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303-04 (3d Cir.1995) (affirming the denial of entry of default where service was not proper); *see also* Thompson, 1995 WL 321898, at *4 ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that he must have been effectively served with process.")

Defendant Dixie Realty submitted the affidavit of John Petrack, a property manager for Dixie Realty Inc. ECF No. 45, Exhibit A. Mr. Petrack acknowledges that in early July 2014, a man came to Dixie Realty's office in Cranberry Township, Pennsylvania and gave him a "Complaint, which had a cover page with a 2011 docket number." Id. at 6. In addition, he acknowledges that Dixie Realty received the First Amended complaint via certified mail. Id. He denies ever receiving or being served a copy of a summons. Id. at 6-7. Further, he asserts that Dixie Realty has a defense to the claim because Dixie Realty never requested or received any payments from Plaintiff nor was it aware that any requests of excess payment from Plaintiff. Id. at 7. Defendant Dixie Realty attached a copy of its proposed Answer to the First Amended Complaint. Id. at 9-53. Dixie Realty also proposed to assert crossclaims against Defendants Fleming and Taylor Management, Inc. Id. at 51. Dixie Realty does not explicitly argue that service was not proper. ECF Nos. 45 and 46.

In response, Plaintiff provides an affidavit of attorney Elieen D. Yacknin, describing the steps taken to effectuate service upon the defendants. ECF No. 49-1. Ms. Yacknin also states that after the Complaint was served on defendants, she served all defendants a copy of the first Amended complaint by first class, postage prepaid, mail. Id. at 4. In addition, Plaintiff points

4

to the docket entries that demonstrate proof that service of a summons and a copy of the complaint was made on Defendants Michael Fleming and Dixie Realty. ECF No. 50, referring to ECF No. 26 and 26-1.

Upon review of the service documents filed by Plaintiff, the Court is satisfied that Defendants were properly served in accordance with the requirements of Federal Rule of Civil Procedure 4(e) and (h). Thus, the Court will not set aside default on the basis of insufficient service of process.

The Court now turns to the next step which is the question of whether to set aside the default under Rule 55(c). "Between the extremes of repeated contumacious conduct and innocent procedural error are the manifold instances of neglect and inadvertence that require trial courts to weigh the equities of the situation and the need for the efficacious resolution of controversies. The exercise of such judgment does not lend itself to a rigid formula or to a per se rule." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984). As noted by the parties with their respective filings, in weighing the equities presented in this case, three factors inform the court's analysis: (1) prejudice to the plaintiff if default is set aside, (2) whether the defendant appears to have a meritorious defense, and (3) whether defendant's delay is due to culpable conduct. World Entertainment, Inc. v. Brown, 487 Fed. Appx. 758, 761 (3d Cir. 2012); Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir.2000); $55,518.05 in U.S. Currency, 728 F.2d at 195 (3d Cir. 1984). *See also* International Broth. of Elec. Workers, Local Union No. 313 v. Skaggs, 130 F.R.D. 526, 529 n. 1 (D.Del.1990) (holding that the Third Circuit applies the same standard for default in appearance as for default judgment). "It is well settled in [the Third Circuit] that the entry of a default judgment is left primarily to the discretion of the district court." Hritz, 732 F.2d at 1180 (*citing* Tozer v. Charles A. Krause Milling Co., 189 F.2d 242,

5

244 (3d Cir.1951)); *see also* Langdon v. Google, Inc., 474 F.Supp.2d 622, 627-28 (D.Del. 2007). Although the weighing of each factor is discretionary, the court must be mindful of the Third Circuit's preference for allowing claims to be heard on their merits. *See* Thompson, 1995 WL 321898, at *3. The Court will consider the three factors *in seriatim*.

1. Prejudice

Plaintiff may show prejudice by proving "loss of available evidence, increased potential for fraud or collusion, or substantial reliance" upon the entry of default. Mike Rosen & Assocs., P.C. v. Omega Builders Ltd., 940 F.Supp. 115, 117 - 18 (E.D.Pa.1996). Plaintiff does not aver that it will be prejudiced in any such manner. Given the fact that Plaintiff has not claimed any prejudicial effect and considered in light of the disfavor that courts have with regard to the entry of default, the Court has no basis upon which to find a showing of prejudice against Plaintiff if default is set aside.

2. Meritorious defense

The Court turns to the question of whether Defendant Dixie Realty appears, at this stage, to have a meritorious defense. "Rule 55 does not require the defaulting party 'to prove beyond a shadow of a doubt that [it] will win at trial, but merely to show that [it has] a defense to the action which at least has merit on its face.'" Dizzley v. Friends Rehabilitation Program, Inc., 202 F.R.D. 146, 148 (E.D.Pa.2001) (*quoting* Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987)). To that end, Defendants must "allege specific facts beyond simple denials or [conclusory] statements." $55,518.05 in U.S. Currency, 728 F.2d at 195 (*citing* Tozer, 189 F.2d at 244). First, Dixie Realty points out that Plaintiff has plead joint and/or alternative liable in Counts I and II of the first Amended Complaint. Defendant Michael Fleming joins this argument, asserting that entry of default judgment is inappropriate where there are multiple

defendants with alleged joint liability.  In addition, Defendant Dixie Realty denies the Plaintiff's allegations of wrong doing, has submitted a proposed detailed Answer, and seeks to file crossclaims against Defendants Fleming and Taylor Management.  ECF No. 45.  Finally, Plaintiff does not argue that Dixie Realty does not have a meritorious defense.  "Plaintiff has chosen not to oppose the Dixie Realty's motion on such basis."  ECF No. 50 at 10.

Rule 55 does not require a defaulting party to *prove* that it will win at trial in order to have a default set aside.  Defendant merely has to show that it has a defense to the action which at least has merit on its face.  Defendant has done so here.

  3. Culpable Conduct

"For the purposes of Rule 55, culpable conduct is 'dilatory behavior that is willful or in bad faith.'"  Dizzley, 202 F.R.D. at 148 (*quoting* Gross v. Stereo Component Sys., 700 F.2d 120, 124 (3d Cir.1983)).  Dixie Realty asserts it received the First Amended Complaint in September of 2014 and it was promptly forwarded to its insurance carrier and assigned to counsel.  ECF No. 45 at 6.  Counsel entered their appearance on October 24, 2014 and promptly thereafter filed a Motion to Set Aside Default.  ECF Nos. 43-45.  Dixie Realty also suggests that service of the (original) complaint was faulty in that John Petrack states that the complaint was not accompanied by a summons, suggesting that at most "mere negligence" may be a factor, but not bad faith.  ECF Nos. 45 and 46.  Plaintiff disputes this, relying on the affidavit of the process server that both the complaint and summons were served.  (ECF No. 50 at 4).  Plaintiff also argues that Dixie Realty and John Petrack knew or should have known that when Dixie Realty was served with the lawsuit it was required to respond or risk entry of default.  (Id. at 7).  Plaintiff responds that the Complaint had a 2011 docket number which caused Petrack not to realize that an Answer was due to a three year old complaint.  Further, when the Amended

7

Complaint was received, it was forwarded to the insurance broker, who sent it to the carrier and that there was inadvertent delay in getting it out to counsel to defend. (ECF No. 54 at 2). Dixie Realty argues that there is no showing of intentional disregard of the obligation to defend. Id. at 3. The Court finds that based on the record, Dixie Realty's actions cannot be clearly considered dilatory behavior that is willful or in bad faith.

D. Alternative Sanctions

Courts issue alternative sanctions in cases where they are troubled by the behavior of the party seeking to set aside the default. American Telecom v. First Nat'l Communications Network, Inc., 2000 WL 714685, at *8 (E.D.Pa 2000). Punitive sanctions, however, are inappropriate absent evidence of bad faith or willful misconduct, or where the defendant sets forth a meritorious defense. Id.; see also Brokerage Concepts Inc. v. Nelson Medical Group, 2000 WL 283849, at *4 (E.D.Pa 2000). The Court finds that Dixie Realty has not acted in bad faith nor has it exhibited willful misconduct. Consequently, the Court finds that the imposition of alternative sanctions is not appropriate in this matter.

**Conclusion**

For the hereinabove stated reasons, Defendants' Motion to Set Aside the Default will be granted. An appropriate order follows.

**ORDER**

AND NOW, this 12th day of December, 2014,

It is hereby ORDERED that Defendant Dixie Realty's Motion to Set Aside Default [ECF No. 45] is GRANTED.

IT IS FURTHER ORDERED that Defendant Dixie Realty shall separately file its proposed Answer, Defenses and Crossclaims, which was included in its Motion at ECF No. 45. within seven days of this Order.

IT IS FURTHER ORDERED that Defendant Fleming's Motion to Set Aside Default [ECF No. 51] is GRANTED.

By the Court,

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: Counsel of Record via CM-ECF