IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* DIANA SALVATORE, and DIANA M. SALVATORE, | ) ) ) ) | Civil Action No. 11-1157 |
| Plaintiffs, | ) ) | United States District Judge Mark R. Hornak |
| v. | ) ) ) | United States Magistrate Judge Cynthia Reed Eddy |
| MICHAEL FLEMING, TAYLOR MANAGEMENT, INC., and DIXIE REALTY, INC., d/b/a BUY-N-SELL Real Estate, | ) ) ) ) ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Before the Court is Defendant Michael Fleming's ("Fleming") motion to dismiss (ECF No. 61) the cross-claims for indemnification and/or contribution filed by co-Defendant Dixie Realty, Inc. ("Dixie Realty") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, it is respectfully recommended that this motion to dismiss be granted, and that Dixie Realty be granted leave to amend its pleading.

**II.    REPORT**

   **A.     Relevant Facts and Procedural Background**

Plaintiff Diana Salvatore initiated the underlying *qui tam* action pursuant to the False Claims Act ("FCA") against the above captioned Defendants. Plaintiff avers that Defendants submitted false claims to the federal government for rental subsidy payments under the Section 8 Low-Income Housing Choice Voucher ("Section 8") Program. According to Plaintiff, pursuant to the Section 8 Program, Fleming entered into agreements with both the Housing Authority of

1

the City of Pittsburgh and Plaintiff which provided that Plaintiff would lease a residential housing unit owned by Fleming. (Am. Compl. ¶ 70, ECF No. 33). Starting in October of 2008, Dixie Realty began working as Fleming's tenant management agent. (*Id.* at ¶ 72). In essence, Plaintiff has alleged that until January 2010, Fleming, by and through his agent Dixie Realty, fraudulently and illegally collected excess rent payments and excess water and sewage payments from Plaintiff, and unlawfully received federal rent subsidies from the United States Government. (*Id.* at ¶¶ 115, 122-124).

The action was initially filed under seal by Plaintiff on September 15, 2011 (ECF No. 2) and was unsealed by the Court on May 20, 2014 (ECF No. 23). On September 11, 2014, Plaintiff filed an amended complaint (ECF No. 33), to which Dixie Realty filed a pleading entitled Answer, Defenses, and Crossclaims on December 18, 2014. (ECF No. 58). Specifically, the cross-claims section of this pleading stated the following.

> 119. This Defendant continues to deny any and all liability to the Plaintiff or any other party to this action under any theory or cause of action set forth. If it is determined at time of trial, however, that Plaintiff or any other party hereto is entitled to any relief whatsoever against this Defendant as a result of the alleged events, this Defendant claims that all other named Defendants are solely liable to any other party entitled to relief for the reasons set forth in Plaintiff's Complaint against any other original Defendant in this action. This Defendant incorporates by reference as if the same had been set forth at length, those allegations of Plaintiff's Complaint as contained in Counts 1 and 2 as they apply to Defendants Fleming and Taylor Management. In the alternative, said Defendants are liable over to this Defendant for any and all sums which may be recovered against this Defendant, although the existence of any liability on the part of this Defendant is specifically denied.
>
> 120. This Defendant further joins Defendants Fleming and Taylor Management in this Crossclaim to protect its rights of contribution and/or indemnification in the event that it is judicially determined that this Defendant and/or all of the other Defendants are jointly and severally liable to Plaintiff, although the existence of any liability on the part of this Defendant is specifically denied.

(*Id.* at ¶¶ 119, 120).

On January 6, 2015, Fleming filed the present motion to dismiss the cross-claims (ECF No. 61) and brief in support thereof (ECF No. 62). Dixie Realty filed a response to the motion (ECF No. 63) and a brief in opposition (ECF No. 64).[1] The matter has been fully briefed and is ripe for disposition.

B.     **Standard of Review**

Recently, our court of appeals aptly summarized the appropriate standard of review when considering a defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) as follows:

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler* [*v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)] (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). Additionally, while "[t]he District Court must accept the [claimaint's] well-pleaded facts as true, [it] may disregard any legal conclusions." *Fowler*, 578 F.3d at 210. (citing *Iqbal*, 556 U.S. at 663). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

---

[1]     Dixie Realty's response and brief in opposition contain overlapping arguments and are substantially similar. Therefore, the Court may refer to them interchangeably.

C. **Discussion**

"FCA defendants cannot pursue claims for indemnification and contribution that are based on their liability under the FCA or have the same effect as offsetting FCA liability." *United States v. Campbell*, 2011 WL 43013, *10 (D.N.J. 2011) (citing *United States ex rel. Miller v. Bill Harbert Int'l Const.*, 505 F.Supp.2d 20, 26 (D.D.C. 2007) ("The unavailability of contribution and indemnification for a defendant under the False Claims Act now seems beyond peradventure.")); *see also Mortgages, Inc. v. United States Dist. Court of Nev.*, 934 F.2d 209, 213-214 (9th Cir. 1991) (reviewing legislative history of FCA and concluding that it generally does not permit defendants to assert claims for contribution and indemnification). The Court of Appeals for the Third Circuit has not yet addressed this issue, however, other district courts in this Circuit have applied this framework to instances of defendants asserting third-party complaints under Rule 14 and counter-claims under Rule 13. *See Campbell*, 2011 WL 43013, at *9–12 (third-party complaint); *United States ex rel. Notorfansesco v. Surgical Monitoring Assoc., Inc.*, 2014 WL 7008561 (E.D.Pa. 2014) (counter-claim); *Walsh v. Amerisource Bergen Corp.*, 2014 WL 2738215, *4-5 (E.D.Pa. 2014) (counter-claim); *United States v. Nardone*, 782 F.Supp. 996, 998-999 (M.D.Pa. 1990) (third-party complaint). Additionally, other courts outside this Circuit have held that a defendant's third-party claims and counter-claims for indemnification and contribution should generally be dismissed. *See, e.g.*, *Mortgages*, 934 F.2d at 214; *United States ex rel. Madden v. General Dynamics Corp.*, 4 F.3d 827 (9th Cir. 1993); *United States ex rel. Public Integrity v. Therapeutic Tech, Inc.*, 895 F.Supp. 294 (S.D. Ala. 1995).

Notwithstanding the above, a defendant may assert a claim for "independent damages" in an FCA action. *Notorfransesco*, 2014 WL 7008561, at *4 (citing *Madden*, 4 F.3d at 831);

*Miller*, 505 F.Supp.2d at 26-27 ("[C]laims by an FCA defendant have been properly permitted where the success of the FCA defendant's claim does not *require* a finding that the defendant is liable in the FCA case."); *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1208 (9th Cir. 2009) ("Claims for independent damages are distinguishable from claims for indemnification or contribution, which, by definition, '*only* have the effect of offsetting liability."). The parties have not identified, and this Court has not found any court decisions in this Circuit or otherwise that have analyzed this issue in the context of cross-claims asserted under Rule 13(g).[2] However, based upon the above non-binding but persuasive authority, the Court concludes that the same analysis equally estops a *qui tam* defendant from asserting cross-claims for indemnification and contribution against co-defendants based upon their liability under the FCA, but permits cross-claims for "independent damages" against co-defendants.[3]

Although Dixie Realty contends that its cross-claim "properly asserts that Fleming is solely liable to Plaintiff, which is a proper basis for a cross-claim under Rule 13(g)," (Br. in Opp'n at 5, ECF No. 64), it does not overcome the primary issue that Fleming has raised – that a defendant may not assert a claim for indemnification or contribution in an FCA action that would

---

[2] This rule, entitled "Crossclaim against a Coparty," provides the following:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed. R. Civ. P. 13(g).

[3] Though there are important jurisdictional and procedural differences between a defendant's cross-claims against a co-defendant under Rule 13(g) and a defendant's claims as a third-party plaintiff under Rule 14(a), *see Schwab v. Erie Lackawanna R. Co.*, 438 F.2d 62, 65-66 (3d Cir. 1971), both situations similarly involve a defendant asserting claims against an alleged co-participant. Therefore, in the absence of any argument from Dixie Realty to conclude otherwise, it seems that applying the above analysis to cross-claims is the logical extension of applying it to a defendant's claims against third-party defendants.

effectively offset FCA liability.[4] *See Campbell*, 2011 WL 43013 at *10. Indeed, the cross-claim at issue asserted by Dixie Realty is impermissibly dependent upon FCA liability, and thus, fails to state a claim upon which relief can be granted.

Dixie Realty also argues that a management agreement allegedly entered into between Dixie Realty and Fleming allows it to assert its cross-claim. (Br. in Opp'n at 4-5, ECF No. 64). Specifically, the management agreement, which is attached to Dixie Realty's brief in opposition, purportedly provides that in the event of litigation in connection with the subject premises, Fleming is required to cover all of Dixie Realty's expenses and attorney fees. (*Id.* at 5). Dixie Realty asserts that if it "successfully defends the FCA claims against it, the expenses/damages it claims would of course be independent of FCA liability," so its cross-claim "is proper." (*Id.*). But while Dixie Realty argues that the cross-claim "is based on the parties' Management Agreement, including the express indemnification provision in favor of Dixie Realty," it paradoxically acknowledges in a footnote that this agreement was not actually referenced in the cross-claim. (*Id.* at 4-5 n. 5). Dixie Realty explains that its failure to reference this agreement in its cross-claim is attributed to time constraints that it faced in attempting to set aside entry of default against it, and that this agreement was not available to it at the time its responsive pleading was due. (*Id.*).

Accordingly, Fleming's motion to dismiss the cross-claim should be granted, as the plain text of the cross-claim for contribution and/or indemnification indicates that recovery is only possible based upon a finding of liability under the FCA. However, given that Dixie Realty has identified an agreement potentially providing an independent basis for Fleming's liability aside from violation of the FCA, Dixie Realty should be granted leave to amend its Answer, Defenses,

---

[4] While Fleming's motion at times confuses third-party practice under Rule 14 with asserting a cross-claim under Rule 13(g), he nevertheless has adequately raised this issue.

and Cross-Claim to reflect the same. *See Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (unless amendment would be futile, i.e., it would continue to fail to state a claim upon which relief could be granted, a court should generally grant a party leave to amend a pleading); *Lash*, 586 F.3d at 1212 (holding that a target defendant's claim for contractual indemnification against a co-participant should not be dismissed at the pleading stage if it is not dependent on a finding of liability under the FCA). Thus, in light of Dixie Realty's contention that the management agreement provides an independent basis for damages if it successfully defends the underlying *qui tam* action, it should not be precluded from asserting such a claim at this time.[5]

### D. Conclusion

Based on the foregoing, it is respectfully recommended that Fleming's motion to dismiss Dixie Realty's cross-claim be granted, and that Dixie Realty be given leave to amend its Answer, Defenses, and Crossclaims.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrates, the parties have until <u>March 10, 2014</u>, to file objections to this report and recommendation. Failure to file timely objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: <u>February 24, 2015.</u>   By the Court,

<u>s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc: Counsel of Record via CM-ECF

---

[5] Of course, if, in contrast, Dixie Realty is ultimately found liable under the FCA, it would be forbidden from seeking such indemnification or contribution from Fleming, and this claim would be dismissed at that time.